

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

BRIAN ROBERT BLAZER d/b/a
CARPENTER BEE SOLUTIONS,

        Plaintiff,

    v.

EBAY INC.,

        Defendant.

Civil Action No. 1:15-cv-01059-KOB

## DEFENDANT EBAY INC.'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

DEFENDANT EBAY'S STATEMENT OF UNDISPUTED FACTS ........................1

  I.   EBAY AND ITS E-COMMERCE PLATFORM ............................................1

    A.  eBay's Business Platform and Sales Transactions on Its Website ..............1

    B.  eBay's Protection of Intellectual Property and Its VeRO Program .............4

  II.  MR. BLAZER AND HIS ALLEGATIONS ..................................................6

    A.  Mr. Blazer's Activity on eBay and Notices to eBay.................................6

    B.  Mr. Blazer's Allegations of Patent Infringement.....................................7

ARGUMENT .......................................................................................................11

  I.   STANDARD FOR SUMMARY JUDGMENT ...........................................11

  II.  EBAY CANNOT, AS A MATTER OF LAW, BE LIABLE FOR DIRECT
      INFRINGEMENT ...................................................................................11

    A.  eBay Does Not Sell the Accused Products ..............................................12

    B.  eBay Does Not Offer the Accused Products for Sale ................................14

  III.  EBAY CANNOT, AS A MATTER OF LAW, BE LIABLE FOR
       INDUCEMENT .....................................................................................19

    A.  The Law of Inducement ........................................................................19

    B.  eBay Has No Actual Knowledge of Infringement on Its Website .............21

    C.  eBay Is Not Willfully Blind to the Allegedly Infringing Nature of the Listed
       Products .............................................................................................24

  IV.  EBAY CANNOT, AS A MATTER OF LAW, BE LIABLE FOR
       CONTRIBUTORY INFRINGEMENT .......................................................29

CONCLUSION ...................................................................................................30

**INTRODUCTION**

Defendant eBay Inc. ("eBay") does not, and cannot, infringe the patent asserted in this case by plaintiff Brian Robert Blazer as a matter of law. eBay does not sell or offer to sell the accused items (or any of the items) listed for sale on its website, a fact recognized by eBay's users, many courts, and even Mr. Blazer himself. And since eBay does not have the expertise to either interpret the claims of Mr. Blazer's patent or compare the patent claims to accused products, since it is not in the business of manufacturing or selling carpenter bee traps and never even took possession of the accused products, it is not possible for eBay to know, or even suspect, that any accused product actually infringes the patent—not only in this case, but also with respect to the hundreds of millions of other items listed on its website.

For these reasons, along with those discussed below, eBay respectfully requests that its motion for summary judgment be granted.

**DEFENDANT EBAY'S STATEMENT OF UNDISPUTED FACTS**

**I.   EBAY AND ITS E-COMMERCE PLATFORM**

**A. eBay's Business Platform and Sales Transactions on Its Website**

1.      eBay is one of the world's largest online marketplaces, comprising platforms such as ebay.com, its localized counterparts (such as ebay.ca, ebay.co.uk, ebay.fr, etc), and eBay mobile apps that are available in 190 countries and in 8 different languages. Declaration of Amber Leavitt ("Leavitt Decl.") ¶ 3.

2.      eBay has 160 million active users worldwide, and more than 900 million items are listed by eBay's users on eBay's marketplaces at any given time. Every day, sellers list tens of millions more items for sale. Leavitt Decl. ¶ 4.

3.      The range of new and used merchandise that sellers list on eBay's website is virtually unlimited, comprising everything from automobiles, consumer electronics, and industrial equipment, to handmade arts and crafts. Leavitt Decl. ¶ 4.

4.      eBay connects buyers and sellers and enables transactions, which are carried out directly between third party buyers and sellers using eBay's online marketplaces. Leavitt Decl. ¶ 5.

5.      eBay provides the venue for the sale of goods and support for the transactions, but it does not itself sell the items listed on the site, nor does it take physical possession of them. Leavitt Decl. ¶ 5.

6.      The listings on the website are created by third-party sellers, and those third parties are responsible for concluding sales with buyers and shipping or otherwise transferring items to buyers. Leavitt Decl. ¶ 5.

7.      The process of creating a listing for the sale of an item on eBay is one that is initiated and controlled by the seller, who provides the item's price, description, and other information. Leavitt Decl. ¶¶ 6-7.

8.      When a listing is displayed on eBay's website, eBay conspicuously identifies the seller who is offering the item for sale.  Leavitt Decl. ¶ 8.

2

9.      eBay informs its users that other eBay users (not eBay) are the sellers of items on eBay.com. Leavitt Decl. ¶ 10.

10.     eBay publishes instructions for buyers and sellers all referring to the "seller" as another eBay user, as opposed to eBay. Leavitt Decl. ¶ 10 and Ex. 1.

11.     eBay's User Agreement, to which all of its users agree when creating accounts on its website, explicitly states that eBay is ***not*** the seller or purchaser of any item listed on its site:

> eBay is a marketplace that allows users to offer, sell and buy just about anything in a variety of pricing formats and locations. The actual contract for sale is directly between the seller and buyer. eBay is not a traditional auctioneer.

> While we may provide pricing, shipping, listing, and other guidance in our Services, such guidance is solely informational and you may decide to follow it or not. Also, while we may help facilitate the resolution of disputes through various programs, eBay has no control over and does not guarantee the existence, quality, safety or legality of items advertised; the truth or accuracy of users' content or listings; the ability of sellers to sell items; the ability of buyers to pay for items; or that a buyer or seller will actually complete a transaction or return an item.

Leavitt Decl. ¶ 11 and Ex. 2.

12.     eBay users communicate with each other regarding the items they buy from and sell to each other, demonstrating their understanding that the entities from which they purchase goods are other eBay users, ***not*** eBay itself. Leavitt Decl. ¶ 12.

3

13.     Several authors of leading books on eBay have expressed their collective understanding that eBay users, and not eBay, sell the products listed on eBay's website. Declaration of Justin MacLean ("MacLean Decl.") ¶¶ 2-3 and Exs. 1-2.

**B. eBay's Protection of Intellectual Property and Its VeRO Program**

14.     Because the continued good will of eBay's users is critical to eBay's commercial success, eBay is committed to protecting intellectual property rights and has developed robust systems to protect intellectual property rights. Leavitt Decl. ¶ 13.

15.     eBay's policies prohibit users from listing items that infringe upon third party intellectual property rights or are otherwise prohibited items, such as drugs. Leavitt Decl. ¶ 14.

16.     eBay's User Agreement includes explicit provisions regarding the protection of intellectual property:

In connection with using or accessing the services you will not:

*       *       *       *

reproduce, perform, display, distribute, reverse engineer, or prepare derivative works from content that belongs to or is licensed to eBay, or that comes from the Services and belongs to another eBay user or to a third party including works covered by any copyrights, trademark, patent, or other intellectual property right, except with prior express permission of eBay and/or any other party holding the right to license such use[.]

Leavitt Decl. Ex. 2.

4

17.     The principal means by which intellectual property rights owners provide eBay with notice of allegedly infringing content on eBay's website is through the Verified Rights Owner ("VeRO") program, which is designed to fulfill (indeed exceed) eBay's legal requirements regarding listings of potentially infringing items. Leavitt Decl. ¶ 17.

18.     eBay has created a simple form, known as a Notice of Claimed Infringement ("NOCI"), by which an intellectual property rights owner who believes that a third party user's listing on eBay infringes his or her rights can report that listing to eBay's VeRO team. eBay's customer service VeRO teammates then review the information in the NOCIs as quickly as possible. Leavitt Decl. ¶¶ 18-20 and Ex. 3.

19.     eBay's NOCI form includes "Reason Codes" corresponding to various types of alleged violations—for instance, Reason Code 5.1 reveals that the reporting party alleged that a listed item infringed upon a valid and enforceable patent. Leavitt Decl. ¶ 22 and Ex. 3.

20.     As reflected in the NOCI form, eBay requires that a person reporting an alleged patent infringement identify the patent registration number *and* the relevant court order adjudging that an accused product in fact infringes the claimed patent. Leavitt Decl. ¶ 22 and Ex. 3.

21.     As a matter of policy, eBay will expeditiously remove listings when the patent holder provides a court order or ITC exclusion order enjoining the sale of listed

5

products. eBay does not remove listings based on mere allegations of patent infringement. Leavitt Decl. ¶ 23.

22.     eBay's policy is based on a commitment to respect the rights of all third parties, including the users of its website and owners of intellectual property. eBay believes that removing listings based on mere allegations of infringement would be unfair to buyers and sellers who may be wrongly accused of infringement, and would give undue power to unscrupulous patent owners. Leavitt Decl. ¶ 24.

23.     eBay's policy is also based in part on practical necessity. eBay's VeRO agents reviewing NOCI forms or similar communications do not have the expertise necessary to construe the claims of patents directed to the thousands of fields of art represented among the hundreds of millions of the third party listings on ebay.com (each of which potentially embodies literally thousands of patented inventions), and to apply them to products that eBay itself never possesses. Leavitt Decl. ¶ 25.

## II.   MR. BLAZER AND HIS ALLEGATIONS

### A.    Mr. Blazer's Activity on eBay and Notices to eBay

24.     Mr. Blazer created an eBay account under the user name "no1crowman," thus agreeing to be bound by the eBay User Agreement. Declaration of Larry Smith ("Smith Decl.") ¶ 2 and Ex. 1.

25.     Through his registered eBay account, Mr. Blazer has purchased items from, and/or sold items to, other eBay users, and has communicated with other eBay

6

users who he has accused of infringing his patent. Mr. Blazer has thus demonstrated his knowledge that eBay users, and not eBay itself, sells and offers for sale the items listed on ebay.com. Smith Decl. ¶¶ 3-5 and Ex. 2.

26.    On several occasions, Mr. Blazer has provided NOCI forms and otherwise communicated with eBay's VeRO team, accusing several listings on ebay.com of infringing the patent-in-suit. Smith Decl. ¶¶ 6 and Ex. 3.

27.    On each of those occasions, eBay VeRO representatives informed Mr. Blazer that in order for eBay to take action on Mr. Blazer's allegations of infringement, Mr. Blazer would have to send eBay a copy of an injunction or other court order finding infringement, in accordance with eBay's VeRO policy. Smith Decl. ¶¶ 7 and Ex. 3.

28.    Mr. Blazer has never sent an injunction or court order finding infringement of the patent-in-suit to eBay. Smith Decl. ¶ 8.

29.    In accordance with eBay's policy, no eBay VeRO representative has reviewed a copy of the patent-in-suit, attempted to compare the claims of the patent to the accused products, or knows whether any accused product in the possession of an eBay buyer or seller infringes the patent-in-suit. Smith Decl. ¶¶ 9-12.

**B.    Mr. Blazer's Allegations of Patent Infringement**

30.    Mr. Blazer purports to be the owner of United States Patent No. 8,375,624 (the "patent-in-suit"), which relates generally to making and using

carpenter bee traps. MacLean Decl. Ex. 3, ¶¶ 8-9; MacLean Decl. Ex. 4.

31.     eBay and its VeRO agents are not skilled in the design or use of carpenter bee traps. Smith Decl. ¶ 11.

32.     Mr. Blazer alleges that eBay directly infringes, induces the infringement of, and contributes to the infringement of the patent-in-suit. MacLean Decl. Ex. 3, ¶¶ 10-11, 18; MacLean Decl. Ex. 5 at 5-10.

33.     Mr. Blazer contends that eBay directly infringes the patent-in-suit by "selling and offering to sell" allegedly infringing products "on its website, eBay.com." MacLean Decl. Ex. 5 at 7, 20-24.

34.     Mr. Blazer does not contend that eBay takes title to or possession of the allegedly infringing products. MacLean Decl. Ex. 5 at 20-24.

35.     Mr. Blazer contends that eBay induces infringement of the patent-in-suit "by continuing to allow eBay users to list infringing products on eBay.com even after Plaintiff repeatedly provided Defendant notice of the existence of the Patent-in-Suit and notice that infringing sales were occurring on Defendant's website."  MacLean Decl. Ex. 5 at at 9-10.

36.     Mr. Blazer states that eBay "did nothing" and "performed absolutely no investigation at all of Plaintiff's allegations of infringement at any time prior to the filing of this lawsuit." MacLean Decl. Ex. 5 at 9-10.

37.    Mr. Blazer contends that eBay contributes to infringement of the patent-in-suit by "selling and offering to sell these products which do not include the claimed receptacle, but which are adapted for use with a receptacle and which have no substantial noninfringing use as they cannot function for their advertised purpose, or any purpose whatsoever, without a user-provided receptacle." MacLean Decl. Ex. 5 at 9; *see also id.* at 7-8.

38.    The patent-in-suit has one independent claim, Claim 1, which reads as follows:

> A carpenter bee trap comprising:
>
> a trap entrance unit forming a plenum being made of wood or a wood substitute;
> said trap entrance unit having ***at least one hole drilled there-through and sized to mimic a natural carpenter bee nest tunnel so as to provide a primary attractant***;
> said hole extending from the outside of the trap unit to a plenum interior; ***said hole being configured to extend substantially horizontally or at an upward angle***; ***a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light***;
> said trap unit further comprising a receptacle adapter being substantially located at the bottom of said trap unit and being configured to receive a clear or translucent receptacle;
> a receptacle received by said adapter situated to allow ambient light to enter through said bottom into said plenum interior, thereby providing a secondary attractant; said receptacle further being provided to receive trapped bees.

MacLean Decl. Ex. 3, Col. 7, ln. 18-col. 8, ln. 3 (emphases added).

39.     As emphasized above, claim 1 requires that the carpenter bee trap include "at least one hole drilled there-through and sized to mimic a natural carpenter bee nest tunnel so as to provide a primary attractant" and "a means to shelter an entrance to said hole . . . to reduce the admittance of ambient light." According to the patent-in-suit, sheltering the entrance to the hole is accomplished by a roof or top panel that overhangs at least one side of the trap entrance unit.  MacLean Decl. Ex. 3, Col. 2, ll. 40-42; Col. 3, ll. 30-31 col. 4, ll. 47-49.

40.     In a June 20, 2016 Supplemental Response to eBay's Interrogatory No. 1, Mr. Blazer provided eBay with a list of eBay listings of allegedly infringing carpenter bee traps along with claim charts purporting to show how, in Mr. Blazer's view, those products infringe the patent-in-suit.  MacLean Decl. Ex. 5 at 5-7, 26-73.

41.     Several photographs of such allegedly infringing products show that the roof of the trap unit clearly does not overhang the side of the trap unit or otherwise shelter an entrance to the hole. MacLean Decl. Ex. 5 at 61, 68, 71.

42.     Mr. Blazer has accused other users of infringing his patent by offering to sell traps where the receptacle is not substantially located at the bottom of the trap and/or the roof of the trap unit clearly does not overhang the side of the trap unit. Mr. Blazer likewise has attempted to remove such listings from eBay by submitting NOCIs. Smith Decl. Exs. 4-5.

## ARGUMENT

## I.    STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the moving party bears the initial burden of showing that there is no genuine issue of material fact. *See Celotrex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When that *prima facie* showing has been made, the burden shifts to the non-moving party who must demonstrate why summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). This burden is not sustained by a scintilla of evidence and there must be more than a metaphysical doubt. *See id.* at 252; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## II.   EBAY CANNOT, AS A MATTER OF LAW, BE LIABLE FOR DIRECT INFRINGEMENT

Under the Patent Act, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent" as a direct infringer. 35 U.S.C. § 271(a). Mr. Blazer has only alleged that eBay directly infringes "by selling and offering to sell" allegedly infringing products. MacLean Decl. Ex. 5 at 7. But eBay does neither.

### A.      eBay Does Not Sell the Accused Products

A "sale" for purposes of § 271(a) is determined according to the ordinary meaning of that term. *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319 (Fed. Cir. 2005) (citing *Black's Law Dictionary* 1337 (7th ed. 1999)), *abrogated on other grounds by Zoltek Corp. v. United States*, 672 F.3d 1309, 1323 (Fed. Cir. 2012) (en banc); *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1379 (Fed. Cir. 2014), *vacated on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). "[T]he ordinary meaning of a sale includes the concept of a transfer of title or property." *Halo*, 769 F.3d at 1379 (quoting *NTP*, 418 F.3d at 1282); *see also, e.g.*, *PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1357 (Fed. Cir. 2007) (holding that "the transaction between the defendants and their clients is plainly not [a] sale" because "the defendants were never owners" of the product and "were not free to dispose of [it] as they chose."); U.C.C. § 2-106 ("A 'sale' consists in the passing of title from the seller to the buyer for a price."). Thus, in order for eBay to be found to have sold any of the accused products, eBay must have had title to those products.

But eBay does not own, does not take title to, and does not even possess the accused products that its users list for sale via eBay's website; rather, eBay serves merely as a platform for third parties to sell, and buy, those products. Leavitt Decl. ¶ 5.  In this regard, eBay functions like an online version of the Classified Ads section

of a newspaper, allowing individuals and businesses to advertise items for sale to the public. As with a newspaper advertisement, where a potential purchaser contacts the seller—not the newspaper—to purchase an item, eBay merely provides a platform for third party sellers to advertise and sell their products to third party purchasers who are interested in buying them. eBay's activities "constitute[] the provision of a service for a fee." *PharmaStem*, 491 F.3d at 1357. Accordingly, eBay does not "sell" the accused products—no genuine issue exists as to that fact.

Mr. Blazer does not contend, in his responses to eBay's Interrogatories or otherwise, that eBay takes title to, or even possession of, any items that eBay users sell. *See generally* MacLean Decl. Ex. 5 at 21-24. Instead, he lists other reasons why he believes that eBay "sells" the accused products, including by providing "Buy It Now" and "Add To Cart" buttons, providing a method by which purchasers provide payment information allegedly "processed exclusively by [former eBay subsidiary] PayPal Holdings, Inc.," collecting shipping information and permitting users to track delivery of their purchased items, and so on. *Id.* But even assuming the truth of these contentions,[1] these facts are not material because eBay does not take title to or possession of any goods, a prerequisite to establishing eBay's liability as a "seller."

---

[1] eBay disputes a number of these contentions, but treats these allegations as true for purposes of this motion.

13

Accordingly, Mr. Blazer cannot defeat summary judgment on his claim that eBay "sells" the accused products.

### B. eBay Does Not Offer the Accused Products for Sale

To "offer to sell" a product, a defendant must "communicate a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude" it. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1257 (Fed. Cir. 2000) (quoting Restatement (Second) of Contracts § 24 (1979)). The undisputed facts demonstrate that eBay has not communicated such a manifestation and, therefore, no reasonable juror could find eBay to have offered to sell ***any*** products, let alone the accused products.

***First***, eBay did not communicate any willingness to enter into a bargain with any would-be buyers. This is because eBay did not communicate the price and description of, or any other salient information about, the accused products but, rather, its users did so via a listing process controlled by the seller. Leavitt Decl. ¶¶ 6-7. This information was submitted by sellers, and the listings displayed the information as input by the seller. *Id.* Accordingly, even if there exists an "offer to sell" on eBay's website, eBay is not the "offeror," and there is no evidence to the contrary. *Cf. Stoner v. eBay Inc.*, 2000 WL 1705637, at *1 (Cal. Super. Ct. Nov. 1, 2000) ("[T]he

14

descriptions of the goods and services auctioned over the eBay service are created entirely by the sellers . . . .").[2]

**Second**, no reasonable consumer would be justified in understanding that his assent to a bargain **with eBay** is invited and would conclude any bargain **with eBay**. eBay does not hold itself out as being the seller of these items on its website. In fact, the opposite is true as eBay conspicuously identifies the seller on each listing (an example of which is shown below):



Leavitt Decl. ¶ 8.

Moreover, eBay indicates in its published instructions to buyers that third party users sell the listed items, not eBay. *Id.* ¶ 10 and Ex. 1. And eBay's User Agreement, to which all of its users agree when creating accounts on its website, states:

> eBay is a marketplace that allows users to offer, sell and buy just about anything in a variety of pricing formats and locations. The

---

[2] Mr. Blazer contends that, under *MEMC*, it is "sufficient to constitute an offer to sell" that "[t]he eBay listings for accused wooden carpenter bee traps each contains (1) a description of the infringing merchandise and (2) the price at which it can be purchased" MacLean Decl. Ex. 5 at 21-22. This was not *MEMC*'s holding, but in any event, these facts establish (at most) that an offer to sell was made by **someone**. They do not establish that the offer was made **by eBay**.

15

actual contract for sale is directly between the seller and buyer. eBay is not a traditional auctioneer.

While we may provide pricing, shipping, listing, and other guidance in our Services, such guidance is solely informational and you may decide to follow it or not. Also, while we may help facilitate the resolution of disputes through various programs, eBay has no control over and does not guarantee the existence, quality, safety or legality of items advertised; the truth or accuracy of users' content or listings; the ability of sellers to sell items; the ability of buyers to pay for items; or that a buyer or seller will actually complete a transaction or return an item.

*Id.* ¶ 11 and Ex. 2.

That eBay does not offer to sell the products listed on its website has become well-known to, and understood by, its users and the public at large. For example, eBay users communicate with each other, demonstrating their understanding that those users (and not eBay) are the buyers and sellers of the listed items. *Id.* ¶ 12. The authors of popular books related to eBay have also expressed this understanding. MacLean Decl. ¶¶ 2-3 and Exs. 1-2. Even Mr. Blazer, in his communications with other eBay users, has expressed this understanding. Smith Decl. ¶¶ 4-5 and Ex. 2.

This understanding has also been expressed by several courts, including the Supreme Court, *see eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006) (eBay "operates a popular Internet Web site that allows private sellers to list goods they wish to sell . . . ."), the Second Circuit, and the Southern District of New York:

eBay is the proprietor of www.ebay.com, an Internet-based marketplace that allows those who register on it to purchase goods

16

> from and sell goods to one another.  It connects buyers and sellers and
> enables transactions, which are carried out directly between eBay
> members.  In its auction and listing services, it provides the venue for
> the sale of goods and support for the transactions, but it does not itself
> sell the items listed for sale on the site, nor does it ever take physical
> possession of them. Thus, eBay generally does not know whether or
> when an item is delivered to the buyer.

*Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 96-97 (2d Cir. 2010) (quoting *Tiffany (NJ)*

*Inc. v. eBay Inc.*, 576 F. Supp. 2d 463, 475 (S.D.N.Y. 2008)) (internal citations,

quotation marks, and alteration marks omitted); *see also, e.g.*, *Estate of Graham v.*

*Sotheby's, Inc.*, --- F. Supp. 3d. ----, 2016 WL 1464229, at *17 (C.D. Cal. Apr. 11,

2016) (holding that "even a cursory examination of www.ebay.com demonstrates

[that] Defendant [eBay] operates neither as a seller nor as an agent for those who sell

goods on its platform"); *Hendrickson v. eBay Inc.*, 165 F. Supp. 2d 1082, 1084 n.2

(C.D. Cal. 2001) ("eBay never has possession of, or opportunity to inspect, such items

because such items are only in the possession of the seller . . . .  If an item is sold, it

passes directly from the seller to the buyer without eBay's involvement."); *Inman v.*

*Technicolor USA, Inc.*, No. 11-cv-666, 2011 WL 5829024, at *5-7 (W.D. Pa. Nov.

18, 2011) (holding that eBay was not a "seller" for purposes of a product liability

suit); *Gentry v. eBay Inc.*, 121 Cal. Rptr. 2d 703, 711 (Cal. Ct. App. 2002) ("eBay is

not in the business of selling or offering to sell the collectibles at issue; rather, it is the

17

individual defendants who sold the items to plaintiffs, using eBay as a venue.").[3]

Even the California Attorney General has rejected any suggestion that eBay sells or offers for sale the items its users list on its website, stating:

> We have little doubt that eBay does not sell or offer to sell or buy or offer to buy, on behalf of another or others, any of the items … listed on its website. Rather, sellers and buyers, not eBay, initiate and directly control the selling and buying process. eBay does not select or describe any of the items offered for sale on its website and does not set or determine any of the payment, shipping or delivery terms that may be required by the seller…. Nor does eBay decide the price a buyer may be willing to pay for an item or see, inspect, examine, posses, place into inventory, purchase or take title to any listed item at any time.

Cal. Att'y Gen. Op. No. 02-111 (2003), *available at* http://www.dbw.ca.gov/YNS/AGEBay.aspx. Thus, eBay's status as a non-seller is "virtually common knowledge." *Estate of Graham*, 2016 WL 1464229, at *17.

In light of the above evidence, a consumer would not believe that, if he or she encounters a product listed for sale on eBay.com, *eBay* is inviting the consumer to enter into a bargain in which eBay promises to sell, and the consumer promises to buy, that product, *see MEMC*, 420 F.3d at 1376[4]—just as that consumer would not be

---

[3] In fact, courts take **judicial notice** of the way eBay's website operates. *See, e.g.*, *Graham*, 2016 WL 1464229, at *17; *Hendrickson*, 165 F. Supp. 2d at 1084 n.2; *Action Tapes, Inc. v. Weaver*, No. 3:05-cv-1693, 2005 WL 3199706, at *2 & n.2 (N.D. Tex. Nov. 23, 2005).

[4] The additional services that Mr. Blazer wrongly contends make eBay a "seller" similarly do not make eBay an "offeror to sell" of the accused products, because despite provision of these services, there is no evidence that any reasonable consumer would be justified in believing that eBay was inviting that consumer to assent to a purchase-sale bargain **with eBay**. *See MEMC*, 420 F.3d at 1376; *Stoner*, 2000 WL 1705637, at *2 (holding that providing insurance, escrow, and payment services

18

justified in believing that a newspaper is inviting assent to a bargain with respect to products listed in its Classified Ads section.

For these reasons, Mr. Blazer cannot defeat summary judgment on his claim that eBay "offers to sell" the accused products.

## III.   EBAY CANNOT, AS A MATTER OF LAW, BE LIABLE FOR INDUCEMENT

Mr. Blazer contends that, "by continuing to allow eBay users to list infringing products on eBay.com even after [Mr. Blazer] provided [eBay] notice of the existence of the Patent-in-Suit and notice that infringing sales were occurring on [eBay's] website," eBay is inducing infringement of the patent-in-suit. MacLean Decl. Ex. 5 at 9. Mr. Blazer is wrong as a matter of law.

### A.   The Law of Inducement

"Whoever *actively* induces infringement shall be liable as an infringer." 35 U.S.C. § 271(b) (emphasis added); *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). Unlike direct infringement under 35 U.S.C. § 271(a), for which "a defendant's mental state is irrelevant," *id.*, inducement requires a defendant to act with "specific intent to encourage another's infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). As the Supreme Court held: "[L]iability for inducing infringement attaches *only* if the defendant knew of the patent *and* that 'the

---

did not render eBay a "seller," because these services "are merely additional services which promote the provident and efficient use of eBay's auction services").

induced acts constitute patent infringement.'" *Id.* (quoting *Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 766 (2011)) (emphasis added).

In *Commil*, the plaintiff (and the United States Government) took the position that mere knowledge of the patent would suffice to meet the *Global-Tech* standard. 135 S. Ct. at 1926; *see also id.* at 1927 (quoting the Government's position that "[t]he Court [in *Global-Tech*] did not definitively resolve whether Section 271(b) additionally requires knowledge of the infringing nature of the induced acts."). In its briefing, the Government (like Mr. Blazer here) also asked the Court to hold that the proper state of mind for inducement liability was that "the inducer was aware of the patent and *of the patentee's view* that the induced conduct was infringing." Brief for United States as Amicus Curiae Supporting Petitioner at 6, *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (2015) (MacLean Decl. Ex. 6) (emphasis added). The Supreme Court rejected all of these arguments, instead holding:

> [T]he *Global–Tech* rationale is sound. Qualifying or limiting its holding, as the Government and Commil seek to do, would lead to the conclusion, both in inducement and contributory infringement cases, that a person, or entity, could be liable even though he did not know the acts were infringing. . . . *Global–Tech* requires more. It requires proof the defendant knew the acts were infringing. ***And the Court's opinion was clear in rejecting any lesser mental state as the standard.***

*Commil*, 135 S. Ct. at 1927 (emphasis added). Thus, the Supreme Court rejected the position being taken by Mr. Blazer, and expressly held that the mental state required

for inducement liability must be met by actual knowledge of infringement.

In the alternative, inducement liability can be predicated on "willful blindness" to the fact of infringement. *Global-Tech*, 563 U.S. at 766-70. "Willful blindness" requires that a defendant (1) subjectively believe that there is a high probability that a fact exists, and (2) take deliberate actions to avoid learning of that fact, such that it can "almost be said to have actually known the critical facts." *Id.* at 769. A reckless defendant, who "merely knows of a substantial and unjustified risk" of infringement, or a negligent defendant, who "should have known of a similar risk but, in fact, did not," ***cannot*** be liable for inducement. *Id.* at 770. In other words, inducement requires "active efforts by an inducer to avoid knowing about the infringing nature of the activities." *Id.*

### B.   eBay Has No Actual Knowledge of Infringement on Its Website

Mr. Blazer has not provided eBay with an injunction or other court order finding that any eBay user or listed product has infringed his patent. Smith Decl. ¶ 8. The only contention Mr. Blazer makes regarding eBay's alleged actual knowledge of infringement is that "Plaintiff repeatedly provided Defendant notice of the existence of the Patent-in-Suit and notice that the infringing sales were occurring on Defendant's website." MacLean Decl. Ex. 5 at 9. But those communications do not supply eBay with knowledge that the accused listings ***actually*** infringe a patent; at most, they merely provide notice that Mr. Blazer ***believes*** that those listings infringe a

21

patent. Mere notice of a patentee's ***belief*** that accused products infringe is not enough; the Supreme Court considered, and rejected, that position. *See Commil*, 135 S. Ct. at 1926-27 (holding that inducement "requires proof the defendant knew the acts were infringing" and "rejecting any lesser mental state as the standard").

To avoid summary judgment, Mr. Blazer must therefore produce evidence that would enable a reasonable juror to conclude that eBay had assessed the alleged infringement, concluded that the accused products infringe the patent-in-suit, and nevertheless, with "specific intent," encouraged infringement. *DSU*, 471 F.3d at 1306. Mr. Blazer cannot do this, since eBay did not conduct such an assessment—and for good reason; it would require eBay to engage in a complex process for which it is not qualified or appropriately positioned.

Specifically, assessing alleged infringement requires a two-step process. First, the claims must be construed as a matter of law[5] and, second, the properly construed claims must be compared to the accused product. *Lava Trading, Inc. v. Sonic Trading Mgmt., LLC*, 445 F.3d 1348, 1352 (Fed. Cir. 2006). In addition, the claims must be interpreted from the perspective of a person of ordinary skill in the art in the relevant field of endeavor. *Id.* at 1355. This is because "patents are addressed to and intended

---

[5] In a patent litigation, claim construction is performed by the court, in light of the patent's specification, prosecution history, and any relevant extrinsic evidence, particular including expert analysis from those skilled in the relevant field.  *See generally, e.g.*, *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996); *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (*en banc*).

to be read by others of skill in the pertinent art." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (*en banc*); *see also, e.g.*, *In re Nelson*, 280 F.2d 172, 181 (C.C.P.A. 1960) ("The descriptions in patents are not addressed to the public generally, to lawyers or to judges, but . . . to those skilled in the art to which the invention pertains or with which it is most nearly connected.").

But as Mr. Blazer concedes, eBay never performed an analysis or investigation of his allegations of patent infringement, but rather "did nothing" in response. Smith Decl. ¶¶ 9-10; MacLean Decl. Ex. 5 at 9. Nor could it; eBay does not make, use, sell, or offer to sell the accused products, and is never even in possession of those products. Leavitt Decl. ¶ 5. And, because eBay merely owns and operates the website on which allegedly infringing listings have been advertised, and is ***not*** one "skilled in the pertinent art" of carpenter bee traps (Smith Decl. ¶ 11), eBay does not have the ability, let alone the necessary expertise, to interpret the claims of the patent-in-suit and then compare those claims to products which it does not even possess (and has no right or ability to obtain).

In fact, it is eBay's policy not to independently investigate allegations of patent infringement by its users. Leavitt Decl. ¶ 23. eBay's customers list hundreds of millions of products for sale on their websites on a given day. *Id.* ¶ 4. A single product may embody literally thousands of patented inventions, many of which relate to a product's internal operations that cannot be evaluated based on online product listings,

or at all without rigorous expert analysis. *See, e.g.*, Mark Lemley and Carl Shapiro, *Patent Holdup and Royalty Stacking*, 85 Tex. L. Rev. 1991, 1991-92, 2027 (2007).

If eBay were required to evaluate Mr. Blazer's patent and accused carpenter bee traps for infringement, eBay would, by extension, be required to evaluate all other patents and all other products accused by other putative patent owners. This would be an impossible task. eBay never possesses the listed goods, and the patents potentially asserted against eBay's users encompass hundreds of fields of art and claim internal workings of products—or even, for example, methods implemented in software installed on those products—that eBay could not reasonably be expected to evaluate.[6]

Accordingly, eBay does not possess actual knowledge of infringement for inducement liability under § 271(b), and Mr. Blazer can adduce no evidence otherwise.

### C.    eBay Is Not Willfully Blind to the Allegedly Infringing Nature of the Listed Products

Mr. Blazer cannot demonstrate willful blindness, either. Willful blindness on the part of eBay requires both (1) that eBay subjectively believed that there was a high likelihood that eBay's users infringed Mr. Blazer's patent; and (2) that eBay took ***deliberate actions*** to avoid learning of the alleged infringements (as opposed to

---

[6] For example, eBay was recently accused of infringing a patent covering a "Method and Apparatus for Encoding Signals" based on the sales by third party eBay users of Android-based smartphones. *See, e.g.*, Complaint ¶ 9 and Ex. 1 thereto (Dkt. 1), *Digital Audio Encoding Sys., LLC v. eBay Inc.*, No. 1:16-cv-491 (D. Del. filed June 24, 2016) (MacLean Decl. Ex. 7).

merely providing the same services to the accused sellers that it provides to every user of eBay). *See Global-Tech*, 563 U.S. at 769. Mr. Blazer cannot adduce evidence supporting either prong.

With respect to the first prong, Mr. Blazer cannot demonstrate eBay's subjective belief of a high likelihood of infringement for the same reasons that he cannot demonstrate actual knowledge of this alleged infringement. Again, Mr. Blazer has only informed eBay that he believes that the products infringed, but mere notice of a patentee's *belief* that accused products infringed is not enough. *See Commil*, 135 S. Ct. at 1926-27. This is especially true here, where eBay does not have possession of the accused products, is not "skilled in the art to which the invention pertains," *Nelson*, 280 F.2d at 181, and thus has no basis to form a subjective belief of any sort about the likelihood of the infringing nature of the accused products, let alone whether such likelihood is "high." Indeed, given how few allegations of infringement result in adjudications of infringement,[7] it would be reasonable for a notice recipient in eBay's position to subjectively believe that the likelihood of infringement is in fact quite low.

With respect to the second prong of the willful blindness inquiry, Mr. Blazer cannot demonstrate that eBay took deliberate action to avoid learning of the allegedly

---

[7] According to a recent empirical study, only about 26 percent of merits determinations in patent cases are resolved in favor of the patentee. *See* John R. Allison, Mark A. Lemley, & David L. Schwartz, *Understanding the Realities of Modern Patent Litigation*, 92 Tex. L. Rev. 1769, 1787 (2014). The number of mere allegations of infringement that even mature to litigation and a finding of infringement is presumably only a small fraction of this number.

25

Case 1:15-cv-01059-KOB Document 36 Filed 07/21/16 Page 28 of 34

high likelihood of infringement by sellers of carpenter bee traps. Indeed, in his responses to eBay's contention interrogatory on this subject, Mr. Blazer only contends that eBay "did nothing," "performed absolutely no investigation at all of [Mr. Blazer's] allegations of infringement at any time prior to the filing of this lawsuit," and "ignores, as a matter of policy, every allegation it receives that infringing goods are being sold or offered for sale on eBay.com." MacLean Decl. Ex. 5 at 9-10.[8] This activity amounts at most to passive inaction, but not deliberate action to avoid learning of an allegedly high likelihood of infringement. *See Global-Tech*, 563 U.S. at 770 (requiring "active efforts by an inducer to avoid knowing about the infringing nature of the activities").

Indeed, under the America Invents Act ("AIA"), a company's refusal to have its attorneys evaluate patent infringement allegations that it receives ***may not be used*** as even a factor in establishing the requisite state of mind for inducement liability:

> ***The failure of an infringer to obtain the advice of counsel*** with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, ***may not be used to prove that the accused infringer*** willfully infringed the patent or that the infringer ***intended to induce infringement of the patent***.

35 U.S.C. § 298 (emphasis added).[9] Thus, consideration of eBay's failure to obtain

---

[8] Mr. Blazer's allegations misstate eBay policy: eBay does not tolerate listings that a court has adjudged to infringe a U.S. Patent. Should Mr. Blazer choose to seek relief against a manufacturer or seller of traps he believes infringe his patent, and should a court adjudge those traps to infringe, eBay will expeditiously remove such traps from its marketplace. Smith Decl. ¶ 13.

[9] Section 298 applies "to any civil action commenced on or after the date of the enactment of" the

26

DOCSBHM\2131587\2

advice of counsel related to Mr. Blazer's allegations of infringement is statutorily barred.

While Mr. Blazer contends that, due to eBay's refusal to investigate, it "could not . . . have formed a good faith belief of noninfringement" (MacLean Decl. Ex. 5 at 9), Mr. Blazer misstates the requisite mental state for induced infringement. eBay does not need to affirmatively believe that the accused products do not infringe. *See 01 Communique Lab., Inc. v. Citrix Sys., Inc.*, --- F. Supp. 3d ----, 2015 WL 9269813, at *24 (N.D. Ohio Dec. 21, 2015). Rather, it is Mr. Blazer's burden to show that eBay knows that the accused products infringe, or is willfully blind to that alleged fact; the Supreme Court has "reject[ed] any lesser mental state as the standard." *Commil*, 135 S. Ct. at 1927. Mr. Blazer cannot meet this burden.

Mr. Blazer's own infringement allegations demonstrate why eBay cannot be liable for inducement based solely on a patent owner's mere notice of his or her *belief* that an accused product infringes a patent. For example, the claims of the patent-in-suit require the presence of a "hole" drilled in the "trap entrance unit," that is "sized to mimic a natural carpenter bee nest tunnel so as to provide a primary attractant." MacLean Decl. Ex. 4, Col. 7, ll. 21-23. eBay's employees do not have the expertise to know what that means, or whether a given product advertised on eBay's website has a

---

"Leahy-Smith America Invents Technical Corrections" Act—*i.e.*, January 14, 2013. Pub. L. No. 112-274, 126 Stat. 2456 § 1(a), and thus applies to this case. Section 298 "legislatively abrogate[d]" contrary Federal Circuit authority. H.R. Rep. No. 112-98, at 53 (2011) (discussing the AIA's abrogation of *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008)).

hole of the correct size, shape, or other features to meet this limitation.[10] Nor could eBay employees analyze the interior of the "plenum" to form an understanding as to whether that hole is "configured to extend substantially horizontally or at an upward angle" as required by the patent-in-suit. *Id.* Col. 7, ll. 25-26.

Moreover, the patent-in-suit requires the presence of a "a means to shelter an entrance to said hole [that] is provided to reduce the admittance of ambient light." *Id.* Col. 7, ll. 27-28. At a minimum, the patent appears to require a roof or top panel that overhangs the trap entrance unit, inhibiting light from entering the entrance to the hole. *Id.* Col. 2, ll. 40-42; Col. 3, ll. 30-31 col. 4, ll. 47-49. But Mr. Blazer accuses products with a roof that clearly does not overhang the side of the trap unit. MacLean Decl. Ex. 5 at 61, 68, 71. Requiring eBay to take Mr. Blazer at his word that the products he accuses in fact infringe would require eBay to disable listings that do not reasonably appear to infringe,[11] which would be unfair to the sellers and potential buyers of those products, who would be deprived of a venue to conduct lawful transactions. And, as discussed *supra*, given the low proportion of patent infringement allegations that actually result in an adjudication of infringement—as exemplified

---

[10] In fact, eBay contends that this phrase is indefinite under 35 U.S.C. § 112, as it does not "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124, 2130 (2014). If so, then eBay has no chance at ascribing any meaning to this term. Even if this phrase is sufficiently informative to one of skill in the art to avoid invalidity, it certainly does not inform eBay, which is not so skilled.

[11] Even if those accused products are ultimately found to infringe the patent-in-suit, the existence of this dispute demonstrates why a court—and not eBay or Mr. Blazer—should be the adjudicator of whether those products infringe.

here by Mr. Blazer's allegations against carpenter bee traps that could not possibly infringe—online marketplace operators should not be required to take patent owners at their word when they merely put such service providers on notice of the patent owners' ***belief*** that a product is infringing.

For these reasons, the Court should grant eBay summary judgment on Mr. Blazer's claim of induced infringement.

## IV.   EBAY CANNOT, AS A MATTER OF LAW, BE LIABLE FOR CONTRIBUTORY INFRINGEMENT

"Whoever ***offers to sell or sells*** within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, ***knowing the same to be especially made or especially adapted*** for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c) (emphasis added). "[A] violator of § 271(c) must know 'that the combination for which his component was especially designed was both patented ***and infringing***.'" *Global-Tech*, 563 U.S. at 763 (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)) (emphasis added).

Mr. Blazer contends that eBay contributes to infringement of the patent-in-suit by "selling and offering to sell" a number of products which are allegedly components of the invention—i.e., a carpenter bee trap without the "receptacle" recited in the claims of the patent-in-suit. MacLean Decl. Ex. 5 at 7-9. eBay cannot be liable for contributory infringement for at least two reasons. First, as described above (*see* section II, *supra*), eBay does not "sell or offer to sell" the components, just as it does not sell or offer to sell completed carpenter bee traps. Second, as described above (*see* section III.B-C, *supra*), eBay does not "know that the combination for which [the accused] component was especially designed was both patented and infringing." *Global-Tech*, 131 S. Ct. at 2067 (quoting *Aro*, 377 U.S. at 488). eBay is not skilled in the art of carpenter bee traps, does not even take possession of the accused products, and thus cannot have the requisite state of mind.

For these reasons, the Court should grant eBay summary judgment on Mr. Blazer's claim of contributory infringement.

## **CONCLUSION**

For the foregoing reasons, eBay respectfully requests that its motion for summary judgment be granted in its entirety.

*Respectfully submitted,*

/s/ Daniel J. Burnick
Daniel J. Burnick

DOCSBHM\2131587\2

**OF COUNSEL:**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, AL 35205
Tel: (205) 930-5192
dburnick@sirote.com

                                  /s/ Joshua L. Raskin
                                  Joshua L. Raskin (*pro hac vice*)
                                  Justin A. MacLean (*pro hac vice*)

**OF COUNSEL:**

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
raskinj@gtlaw.com
macleanj@gtlaw.com

                                  /s/ Ian C. Ballon
                                  Ian C. Ballon (*pro hac vice*)

**OF COUNSEL:**

GREENBERG TRAURIG, LLP
1900 University Avenue
5th Floor
East Palo Alto, CA 94303
Tel: (650) 328-8500
ballon@gtlaw.com

                                  *Attorneys for Defendant, eBay Inc.*

31

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven M. Brom – sbrom@bachusbrom.com
Bachus & Brom, LLC
4908 Cahaba River Rd
Suite 100
Birmingham, AL 35243-3278

Joseph J. Gleason - joe@gleason.legal
Gleason Law LLC
780 Morosgo Drive #14084
Atlanta, GA 30324-9998

/s/ Daniel J. Burnick
OF COUNSEL

32