## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **BRIAN ROBERT BLAZER d/b/a** ) | |
| **CARPENTER BEE SOLUTIONS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:15-CV-01059-KOB |
| ) | |
| ) | |
| **EBAY, INC.** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION

Plaintiff Robert Blazer sued Defendant eBay Inc. for patent infringement. Mr. Blazer alleges that eBay is liable for direct and contributory infringement, and inducing infringement of his patent. eBay has moved for summary judgment on Mr. Blazer's infringement claims, arguing it has not, as a matter of law, infringed Mr. Blazer's patent. (Doc. 35). As discussed below, the court **GRANTS** eBay's motion.

**I.   BACKGROUND**[1]

**A.   eBay's Online Marketplace**

eBay is an online marketplace. On an average day, just south of a billion items are listed for sale on the website. eBay does not take physical possession of the items listed for sale; the third-party sellers conduct sales and shipping the item to buyers. A seller listing an item on eBay provides the item's price and description. eBay does not supply this information. When a user creates a listing on eBay's site, the listing identifies the user as the seller of the item. eBay buyers commonly interact with sellers rather than eBay itself.

---

[1]Mr. Blazer's response to eBay's motion for summary judgment did not contain any response to the movant's statement of undisputed facts. Therefore, in accordance with the court's summary judgment requirements

1

eBay informs users that other users, and not the company, are the seller of listed items. eBay's User Agreement emphasizes that when a sale occurs via the site, "[t]he actual contract for sale is directly between the seller and buyer. eBay is not a traditional auctioneer." Leavitt Decl. 11 and Ex. 2. This understanding of eBay is also found in books about the site. *See* (excerpt of *eBay for Dummies* by Marsha Collier, Doc. 37-2 at 9) ("eBay itself doesn't sell a thing."); (excerpt of *The Complete Idiot's Guide to eBay* by Lissa and Skip McGrath, Doc. 37-2 at 14) ("eBay itself does not sell products.").

### B. eBay's Intellectual Property Policies and Verified Rights Owner Program

eBay has developed the Verified Rights Owner ("VeRO") program to identify and remove items from its site that infringe upon valid patents or trademarks. If a person believes his intellectual property is being infringed by an eBay listing, he can file a Notice of Claimed Infringement ("NOCI") with eBay's VeRO team. The NOCI form requires identification of the patent registration number of the patent allegedly being infringed and production of a court order that the product infringes the patent.

eBay has a policy to quickly remove listings when a NOCI provides a court order, but eBay rarely removes listings based on mere allegations of infringement. eBay has two reasons for this policy. First, eBay believes that removing listings based on *allegations* of infringement would be unfair to buyers and the accused sellers. Such a policy, in eBay's view, would give too much power to unscrupulous patent holders. The second reason eBay has adopted its policy is because it lacks the expertise to construe the patent infringement claims submitted to it and cannot assess the claims when it never possess the products.

### C. Mr. Blazer's Patent and eBay's Alleged Infringement

Carpenter Bee Solutions, of which Mr. Blazer is the sole proprietor, is the owner of

---

contained in Appendix II, eBay's facts are deemed admitted by Mr. Blazer. *See* Appendix II at 4–5.

United States Patent No. 8,375,624 entitled "Carpenter Bee Traps."

Mr. Blazer originally contacted eBay about products listed on the site he believed infringed his patent. At that time, his patent was pending, and eBay informed him it could only respond to a granted patent and advised Mr. Blazer to get back in touch if the patent was granted.

After the patent was issued, Mr. Blazer submitted a NOCI form and included a copy of the patent. Mr. Blazer did not, and has never, sent an injunction or court order to eBay finding that the product listed on eBay infringed his patent. No eBay agent has viewed Mr. Blazer's patent or attempted to compare the claims in his patent to product listings on the site. eBay has also refused to disclose the identities of the sellers of the allegedly infringing traps to Mr. Blazer without a subpoena.

## II.   STANDARD OF REVIEW

When a district court reviews a motion for summary judgment, it must determine two things: whether any genuine issues of material fact exist, and whether the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

The court must "view the evidence presented through the prism of the substantive evidentiary burden" to determine whether the non-moving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must not weigh the evidence and make credibility determinations because these decisions belong to a jury. *See id.* at 254.

Further, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary

judgment, the court must grant the motion *only if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

## III.  DISCUSSION

### A.  Direct Infringement

Mr. Blazer contends that eBay directly infringed his patent. A person or entity directly infringes a patent when it "without authority . . . sells or offers to sell . . . any patented invention, within the United States during the term of the patent thereof." 35 U.S.C. § 271(a).

#### 1.  Sale

For a "sale" within the meaning of § 271(a) to occur, a transfer of property or title must occur. *See PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1357 (Fed. Cir. 2007). In his response, Mr. Blazer concedes that eBay does not "sell" the allegedly infringing bee traps. (Doc. 40 at 2). Therefore, eBay cannot be liable under § 271(a) for selling a patented invention.

#### 2.  Offer to Sell

An "offer to sell" under § 271(a) is given the same meaning as in contract law. *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1254–55 (Fed. Cir. 2000) ("Therefore, we similarly define § 271(a)'s 'offer to sell' liability according to the norms of traditional contractual analysis"). An entity "offers to sell" a patented invention when it "communicates[s] a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to the bargain is invited and will conclude" the transaction. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005) (echoing the language of Restatement (Second) of Contracts § 24).

Here, eBay's website contained descriptions of the allegedly infringing products and a price at which the items could be obtained. As Mr. Blazer observes, eBay tells users that bidding

4

on a product creates a contract that obligates the bidder to purchase the product.

Undoubtedly, an offer existed. The question is who made the offer. eBay? The user who created the listing? Both? eBay's position is that if an offer exists, it cannot be genuinely disputed that the offer was made by the *user*, not eBay. Mr. Blazer argues that at least a question of fact exists as to whether a reasonable person could view eBay's setup as an offer to sell from the website.

Mr. Blazer begins his argument by noting that "offer to sell" was added to § 271(a) to prevent "generating interest in a potential infringing product to the commercial detriment of the rightful patentee." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1379 (Fed. Cir. 1998). Given that history, the Federal Circuit has refused to "exalt form over substance" and found that price quotation letters may be offers to sell even if they contained explicit language stating the documents were not offers. *See id.* Accordingly, the Federal Circuit has found that "a description of the allegedly infringing merchandise and the price at which it can be purchased" constitutes an offer to sell. *Id.*

The Federal Circuit's decision in *3D Systems* can be distinguished in two ways from this case. First, *3D Systems'* admonition not to exalt form over substance came in the context of a due process question. *3D Sys., Inc.*, 160 F.3d at 1379 ("We have rejected previous attempts to shape our personal jurisdiction law through state common law definitions of federal statutory terms as defendants suggest . . . We have consistently held that such exaltation is not appropriate in the due process analysis.").

Second, *3D Systems* approach has been called into question by subsequent Federal Circuit cases. In *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1254–55 (Fed. Cir. 2000), the Federal Circuit addressed its "offer to sell" analysis in *3D Systems* in light of the Supreme

Court's decision in *Pfaff v. Wells Elecs. Inc*., 525 U.S. 55 (1998) (holding that traditional notions of contract law should be applied to determine whether § 102(b) on-sale bar applied). Ultimately, the Federal Circuit concluded that *3D Systems* followed *Pfaff*, but said that an "offer to sell" was "to be interpreted according to its ordinary meaning in contract law, as revealed by traditional sources of authority." *Rotec Indus., Inc.*, 215 F.3d at 1255. *Rotec*'s instruction to look to traditional sources of contract law seems in tension with *3D Systems*' claim, cited by Mr. Blazer, that "the tort of patent infringement due to an 'offer to sell' is a federal statutory creation which is not limited by [state] contract law." *3D Sys., Inc.*, 160 F.3d at 1379; *see Xactware, Inc. v. Symbility Sol. Inc.,* 402 F. Supp. 2d 1359, 1368 & n.6 (D. Utah 2005) (noting the conflicting reasoning).

One way of reconciling *3D Systems* with *Rotec* would be to say that the cases mean that state contract law, while a potential traditional source of authority, cannot exclusively define the contours of what constitutes an "offer to sell." Rather, the court must engage in a more holistic approach, applying accepted contract law. And this appears to be precisely what courts have done after *Rotec*. *See, e.g.*, *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp*., 420 F.3d 1369, 1376 (Fed. Cir. 2005) (describing the Federal Circuit's decisions in *3D Systems* and *Rotec*).

But what *3D Systems* cannot mean is that the court may define "offer to sell" *solely* in light of the legislative purpose of the addition of that phrase to the statute without regard to the meaning of the term in contract law. The court cannot define "offer to sell" under § 271(a) in a way inconsistent with contract law. If "acceptance" of an "offer" would result in a contract, an "offer to sell" under § 271(a) must have existed. And the converse is also true, if the purchaser could not claim that the "seller" and he had a contract because the seller did not make an "offer,"

6

no "offer to sell" would exist under § 271(a).

Mr. Blazer chiefly relies on a case from the Western District of Washington where the court denied Amazon's motion for summary judgment on a patent infringement claim, finding that questions of fact existed as to whether items in Amazon's marketplace constituted offers to sell those products by Amazon. *Milo & Gabby, LLC v. Amazon.com, Inc.*, No. C13-1932-RSM, 2015 WL 4394673, at *14 (W.D. Wash. July 16, 2015). The court found that the fact that Amazon displayed photos of the products and incited the user to "buy the item through Amazon" precluded summary judgment. *Id*.

Another district court denied a motion for summary judgment on non-infringement in similar circumstances. A plaintiff sued Alibaba, an online marketplace, for patent infringement. Alibaba argued that it did not offer to sell the allegedly infringing products because a third-party created the listings. In denying the motion for summary judgment, the court reasoned that a "factual dispute" existed "as to whether a reasonable buyer going on www.aliexpress.com would have believed that Alibaba itself was making an offer to sell the allegedly infringing products." *Alibaba.com Hong Kong LTD v. P.S. Prod., Inc.*, No. C 10-04457-WHA, 2012 WL 1668896, at *3 (N.D. Cal. May 11, 2012). The district court reached its decision because the name of the "supplier" of the product was in small font, the term "supplier" is ambiguous and could be reasonably interpreted to mean something other than the seller of the product, and that a person who buys a product on the website pays Alibaba rather than a third-party. *Id*.

*Milo & Gabby* and *Alibaba* are distinguishable. Unlike Alibaba, eBay explicitly identifies a "seller, " rather than a "supplier," on each listing, and no evidence is in the record that users pay eBay rather than the seller, again unlike with Alibaba. Neither fact that influenced the court in Alibaba is present here.

7

In *Milo & Gabby*, the court reasoned that "the fact that the item is displayed on theamazon.com website and can be purchased through the same website, could be regarded as an offer for sale for the reasons discussed in *MEMC*." *Milo & Gabby,* 2015 WL 4394673, at *14. Presumably, the district court in *Milo & Gabby* was referencing *MEMC*'s citation of *3D Systems*, noting that the letters in *3D Systems* could be offers to sell because they contained descriptions of the product and a price. *See MEMC*, 420 F.3d at 1376 (quoting *3D Systems*, 160 F.3d at 1377). But surely *MEMC* (or *3D Systems*) does not mean that anytime price and description are paired together, an offer to sell emerges. Rather, the court must apply traditional contract principles to the *entire context* of the exchange to determine not only if an offer is being made, but who is making the offer.

In this case, the context of an exchange on eBay demonstrates that no reasonable consumer could conclude that by bidding on an eBay listing, he was accepting an offer from eBay itself. eBay's terms of service explicitly advise users that eBay is not making an offer through a listing, and, unlike the situation in *3D Systems*, eBay lacks title and possession of the items listed. Accordingly, the court in *3D Systems* never had to wrestle with the question of who precisely was making the offer; the only question was whether there was an offer at all. Understandably, the court provided a succinct general formula: price plus description equals offer.  But such a calculation does not consider all relevant variables of the "offer" analysis and is not well-suited for these facts. By finding eBay's listings are not offers to sell from eBay, the court is not "exalt[ing] form over substance," but is rather simply drawing the only reasonable conclusion from the undisputed facts presented to the court. *3D Systems*, 160 F.3d at 1379.

Mr. Blazer has provided no direct evidence that eBay users believe that when they purchase an item on eBay's website they purchase that item from eBay. Rather, Mr. Blazer

8

suggests that because the alleged infringing products were displayed on eBay's website and could be purchased through the site, it can be reasonably concluded that a user would construe eBay listings as offers from eBay to sell a product. As the non-movant, Mr. Blazer may have the court draw *reasonable* inferences in his favor when deciding summary judgment. Here, however, the inference Mr. Blazer asks the court to draw is not a reasonable one. Based on the record, the court would be purely speculating if it concluded that a reasonable person would conclude that a listing on eBay was an offer to sell by eBay. The evidence in the record is to the contrary, and has not been truly disputed. Therefore, the court will grant eBay's motion as to Mr. Blazer's theory of direct infringement.

### B. Inducement

Mr. Blazer also claims eBay induced infringement of his patent. The Patent Act provides that "[w]hoever actively induces infringement shall be liable as infringer." 35 U.S.C. § 271(b). A defendant infringes a patent when it acts with actual knowledge and "specific intent to encourage another's infringement," or knows of a high risk of patent infringement and undertakes deliberate actions to avoid gaining actual knowledge of the infringement. *DSU Med. Corp v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006); *Global-Tech Appliance, Inc. v. SEB S.A.*, 563 U.S. 754, 768 (2011).

#### 1. *Actual Knowledge*

To survive summary judgment, Mr. Blazer must produce evidence that creates a genuine issue of fact concerning eBay's knowledge that products on its site were infringing his patent. The Supreme Court has recently explained that if a defendant "reads the patent's claims differently from the plaintiff," and "that reading is reasonable," the defendant is not liable for infringement by inducement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1928

(2015). Inducement occurs when a "defendant knew of the patent and knew as well that the induced acts constitute patent infringement." *Id*. at 1926 (internal citations omitted).

A plaintiff may prove a defendant's knowledge of infringement "by either direct or circumstantial evidence." *Liquid Dynamics Corp. v. Vaughan Co*., 449 F.3d 1209, 1219 (Fed. Cir. 2006) (citing *Moleculon Research Corp. v. CBS, Inc*., 793 F.2d 1261, 1272 (Fed. Cir. 1986)). Circumstantial evidence alone can be sufficient, and often "may also be more certain, satisfying and persuasive than direct evidence." *Michalic v. Cleveland Tankers, Inc*., 364 U.S. 325, 330 (1960).

Mr. Blazer points to evidence he communicated with eBay multiple times concerning the allegedly infringing products (including sending a copy of the patent to eBay), submitted multiple NOCI forms, and directly contacted eBay users who listed products he believed to infringe his patent. The parties do not dispute these facts; eBay unquestionably knew of Mr. Blazer's claims.

However, Mr. Blazer has failed to produce evidence that eBay had *actual* knowledge of *infringement*. The circumstantial evidence cited by Mr. Blazer will not support the inference he has attempted to construct on it. Importantly, eBay does not have expertise in the field of the patent or allegedly infringing products. This distinguishes this case from the authority cited by Mr. Blazer where courts found a notice letter to be sufficient to create a genuine issue of material fact on knowledge and preclude summary judgment. *See Koninklijke Philips NV v. Zoll Med. Corp*, 656 Fed. Appx. 504, 507 (suit between two manufacturers of external defibrillators); *Fujitsu Ltd. v. Netgear Inc*., 620 F.3d 1321, 1326 (Fed. Cir. 2010) (suit between competitors in wireless communication technology). eBay does not know the art of carpenter bee traps, and so Mr. Blazer's communications with the company can at most create the inference that eBay knew

that Mr. Blazer believed that eBay listings infringed his patent, but they cannot support the inference that eBay itself had actual knowledge of infringement.

### 2. *Willful Blindness*

A defendant may also be liable for inducing infringement if it is willfully blind to the infringement. A defendant is willfully blind if (1) it has a subjective belief there is a high probability infringement is occurring, and (2) it takes deliberate action to avoid obtaining actual knowledge. *Global-Tech*, 563 U.S. at 769. To satisfy the requirement for subjective belief of infringement, the defendant must "almost be said to have actually known the critical facts." *Id.* at 769–70. To satisfy the second prong, a plaintiff must show not merely deliberate indifference but intentional ignorance that surpasses recklessness and negligence. *Id*. at 769.

Here, Mr. Blazer has failed to produce evidence of either prong. Mr. Blazer's NOCI notices cannot establish that eBay had the near equivalent of actual knowledge of the "critical facts," as required by *Global-Tech*. 563 U.S. at 769. eBay lacks the expertise to have formed the required subjective belief. Occasionally, when the "technology is simple and easily understandable, the level of ordinary skill in the art [can be] that of an ordinary layman of average intelligence." *Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands,* 555 F.3d 984, 992 (Fed. Cir. 2009) (internal quotations and citations omitted). But Mr. Blazer has not represented that his patent covers technology so simple, and eBay has denied that it possess the expertise to construe his patent. Because of that, Mr. Blazer's opinion that products infringed his patent creates no issue of fact on eBay's belief. No evidence suggests eBay was in possession of the critical facts necessary to form a subjective belief that a high probability of infringement was occurring.

Even if Mr. Blazer could show that eBay had the requisite subjective belief, he still has

11

not produced evidence that eBay took a deliberate action to avoid confirming its belief. Mr. Blazer argues that eBay's failure to investigate his claims is a deliberate action. In criminal law where willful blindness was birthed, courts do not require an overt physical act. Instead, willful blindness may be shown through "a cutting off of one's normal curiosity by an effort of will." *United States v. Giovannetti*, 919 F.2d 1223, 1229 (7th Cir. 1990).

Here, however, Mr. Blazer's evidence does not suggest that eBay cut off its normal curiosity. eBay's NOCI form required submission of a court order and the patent registration number to takedown a listing. eBay's policy was to not remove listings based on mere allegations of infringement, and eBay has provided a legitimate reason for that policy: it lacks the expertise or resources to undertake its own investigation of every alleged patent infringement. Mr. Blazer has produced no evidence that eBay's reason was a sham and that the real reason the policy existed was to *blind* the company to patent infringement.

Mr. Blazer argues that eBay's decision to ask for his patent, but not review it, amounts to an affirmative action to avoid learning of infringement. Ignoring claims of patent infringement "after affirmatively vowing to look into such allegations can suggest willful infringement." *Carson Optical Inc. v. eBay Inc.*, 2:15-cv-03793-KAM-SIL, 2016 WL 4385998, at *8 (E.D.N.Y. Aug. 17, 2016). But eBay did not make such a vow. On the contrary, eBay informed Mr. Blazer it "require[d] an injunction or other court order which has been granted on the basis that the items you reported infringe on your valid and enforceable U.S. Patent." (Doc. 1-5 at 3). eBay did not change course on its position because of Mr. Blazer's claim, as would suggest that it was seeking to blind itself to his allegations.

Mr. Blazer also argues that eBay customer service representatives informed allegedly infringing sellers it was okay to continue selling his products and that they did not need to

undertake any action. However, Mr. Blazer's evidence for this claim is his affidavit describing sellers he contacted recounting their conversations with eBay representatives. This evidence is hearsay within hearsay and cannot be considered on summary judgment. *See Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) ("The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment.") (internal citations and quotations omitted).

Because no genuine issue of material fact exists that eBay lacked actual knowledge of infringement or that eBay willfully blinded itself to infringement of Mr. Blazer's patent, the court will grant eBay's motion as to Mr. Blazer's theory of infringement by inducement.

### C.     Contributory Infringement

Mr. Blazer also contends that eBay is liable for contributory infringement under § 271(c), which provides that "[w]hoever offers to sell or sells . . . a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent . . . shall be liable as a contributory infringer."

Ultimately, the analysis under § 271(c) replicates the work already done under § 271(a) and § 271(b). Section 271(c) requires an "offer to sell" and for the defendant to know that the product being sold infringed a patent. These elements parallel the "offer to sell" requirement of § 271(a) and the knowledge requirement of § 271(b). As the court has already found that summary judgment should be entered for eBay on these claims, summary judgment for eBay is also proper on Mr. Blazer's contributory infringement theory.

### IV.    CONCLUSION

The court **GRANTS** eBay's motion for summary judgment on Mr. Blazer's patent

infringement claim. The court will enter a separate order consistent with this opinion.

**DONE** this the 20th Day of March, 2017.

_____

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE